UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ATLANTIC OPERATING AND MANAGEMENT CORP., d/b/a THE YANKEE CLIPPER INN and NATHANIEL SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS MEDIA CORP. and THE TRAVEL CHANNEL, LLC,<br><br>Defendants. | No. 3:16-CV-279-TAV-CCS |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendants' Motion for Protective Order and Supporting Memorandum of Law [Doc. 27]. The parties appeared telephonically before the Court on July 20, 2016, for a motion hearing. Attorney Margaret K. Minister was present on behalf of the Plaintiffs. Attorneys Gary Shockley and Meghan Morgan were present on behalf of the Defendants.

The Defendants' Motion requests a protective order limiting the scope of Plaintiffs' Notice of Corporate Deposition of Atlas Media Corp., Pursuant to FRCP Rule 30(b)(6) and Notice of Corporate Deposition of The Travel Channel, LLC, Pursuant to FRCP Rule 30(b)(6). The Defendants argue that the scope of discovery sought by the Plaintiffs is too broad at this

stage of the litigation. The Plaintiffs filed a Response [Doc. 28] arguing that they have limited their deposition topics and document requests specifically to issues raised in their TRO request.

After hearing from both parties at the July 20 hearing, the Court granted in part and denied in part the Defendants' request to limit the scope of the Rule 30(b)(6) depositions. With respect to the deposition of Atlas's Rule 30(b)(6) witness, the Court denied the Defendants' request to limit the deposition to topic Nos. 5 and 6 in the Notice and permitted the Plaintiffs to depose on topic Nos. 3, 4, 5, 6, and 7 within the limitations announced by the Court at the hearing. In addition, the Court also permitted the Plaintiffs to depose Atlas's Rule 30(b)(6) on topic No. 11 with respect to the editorial changes made after March 30 regarding the pool, pool carpeting, and bed bugs.

With respect to the deposition of The Travel Channel's Rule 30(b)(6) witness, the Court allowed the Plaintiffs to depose the witness on topic Nos. 1, 2, 3, 5, and 6 within the limitations announced by the Court at the hearing.

Accordingly, and for the reasons more fully stated at the hearing, the Motion for Protective Order **[Doc. 27]** is **GRANTED IN PART** and **DENIED IN PART**, and it is **ORDERED**:

> 1. The Plaintiffs may depose Atlas's Rule 30(b)(6) witness on topic Nos. 3, 4, 5, 6, and 7 within the limitations announced at the hearing. With respect to topic No. 11, the Plaintiffs may depose the witness with respect to the editorial changes made after March 30 regarding the pool, pool carpeting, and bed bugs.
>
> 2. The Plaintiff may depose The Travel Channel's Rule 30(b)(6) witness with respect to topic Nos. 1, 2, 3, 5, and 6 within the limitations announced at the hearing. Document production is limited to what the Defendants find using the search terms "Yankee Clipper Inn" and "Episode 608."

Finally, during the hearing, the parties reported that the deposition of Anthony Melchiorri was currently being taken. Because the parties agreed to proceed with Anthony Melchiorri's deposition, the Motion to Compel Deposition of Anthony Melchiorri and for an Expedited Telephonic Conference with the Court [**Doc. 21**] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge